IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CAVANAUGH, )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>UNISOURCE WORLDWIDE, INC., et al., )<br>**)**<br>Defendant(s). )<br>)<br>_____ ) | CIV F 06-0119 AWI DLB<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR REMAND |

On March 2, 2006, plaintiff filed the present Motion to Remand. The motion was heard on April 21, 2006 before the undersigned. Steven Paganetti appeared for plaintiff and G. Daniel Newland appeared for defendant.

**BACKGROUND**

Plaintiff Richard Cavanaugh ("Plaintiff") filed an action in Fresno County Superior Court against his employer, Defendant Unisource Worldwide, Inc. ("Unisource"), on or about December 27, 2005. The complaint alleges causes of action for (1) age discrimination; (2) tortious violation of public policy; (3) intentional interference with prospective business advantage; and (4) breach of the implied covenant of good faith and fair dealing. Plaintiff is a Sales Account Executive in the Fresno office, and his claims arise out of Unisource's alleged

1

removal and reassignment of several large accounts from Plaintiff to a younger sales person with less experience. The complaint seeks compensatory damages, punitive damages and attorneys' fees.

Unisource filed their notice of removal in this Court on February 2, 2006, alleging that this Court has original jurisdiction based on diversity of citizenship. Unisource is organized under the laws of the State of Delaware and contends that its principal place of business is in Georgia, where its headquarters is located.

Plaintiff filed his motion to remand the action on March 2, 2006. He argues that the action should be remanded because (1) the notice of removal was procedurally defective; and (2) no diversity of citizenship exists because Unisource is a citizen of California. There is no dispute as to the amount in controversy.

Unisource filed its opposition on April 7, 2006.

Plaintiff filed his reply on April 14, 2006.

## **DISCUSSION**

A.  <u>Procedural Defect</u>

Plaintiff first argues that Unisource served only the complaint with their notice of removal, in violation of 28 U.S.C. § 1446(a), and request remand on this basis. Unisource concedes that it did not serve a copy of the summons, and states that although Plaintiff has a copy of the summons, it will provide Plaintiff with an additional copy. In any event, defects in the removal procedure are not jurisdictional. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-1213 (9th Cir. 1980); *Nat'l Audobon Soc'y v. Dept. of Water & Power of Los Angeles*, 496 F.Supp.499, 503 (E.D.Cal. 1980).

B.  <u>Diversity Jurisdiction</u>

Plaintiff also argues that remand is appropriate because Unisource has failed to establish that the citizenship of the parties is completely diverse. Plaintiff argues Unisource's business activity substantially predominates in California and therefore California is its principal place of

business. Plaintiff argues that while Unisource is incorporated in Delaware and has its headquarters in Georgia, most of its business activity occurs in California and therefore complete diversity does not exist and removal was improper for lack of jurisdiction.

In opposing remand, Unisource claims its corporate activities do not substantially predominate in any one state, such that the "nerve center" test is appropriate and under this test, its principal place of business is Georgia, where most of its executive and administrative functions occur.

28 U.S.C. Section 1332(a) provides for federal jurisdiction based on diversity of citizenship:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> **(1)** citizens of different States;
> **(2)** citizens of a State and citizens or subjects of a foreign state;
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

A civil action originally filed in a State court which could have been commenced in federal court based on diversity jurisdiction may be removed from state court to U.S. District Court on this ground. 28 U.S.C. § 1441(b). Here, Unisource, the party seeking to invoke federal jurisdiction, bears the burden of establishing jurisdiction. *See Indus. Tectonics, Inc. V. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990).

Federal courts generally use one of two tests to determine a corporation's principal place of business. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001). First, the "place of operations test" locates a corporation's principal place of business in the state which "contains a substantial predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir.1990) (quoting *Co-Efficient Energy Systems v. CSL Industries,* 812 F.2d 556, 558 (9th Cir.1987)). Second, the "nerve center test" locates a

corporation's principal place of business in the state where the majority of its executive and administrative functions are performed. *See id.* at 1092-93 (citing *Inland Rubber Corp. v. Triple A Tire Service, Inc.,* 220 F.Supp. 490, 496 (S.D.N.Y.1963)). The Ninth Circuit Court of Appeals has given lower courts direction to determine which of these tests to apply: where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities. *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d at 1094. Thus, the Ninth Circuit applies the place of operations test unless the plaintiff shows that its activities do not substantially predominate in any one state. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d at 500.

In determining the appropriate test to use, the key issue is whether Unisource's business activities substantially predominate in any one state. In *Tosco Corp. v. Communities for a Better Env.* 236 F.3d 495, the Court identified a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place. In *Tosco,* the court held that California contained a substantial predominance of the plaintiff's business activities, where the corporation had 21% of its total workforce in California, received 40% of its total refining capacity from California, and had 37% of its retail locations in California. Tosco, 236 F.3d at 500-01. The Court noted that in arguing California was not its principal place of business, Tosco erroneously compared its activities in California to its activities in the entire United States.

Unisource only addresses two of the *Tosco* factors. The "evidence" submitted by Unisource is the declaration of counsel, who attaches copies of Unisource's website. While plaintiff does not object to this evidence and plaintiff also references the website in his moving papers, the Court questions the admissibility of the declaration and its attachments. Only

4

because the information contained on the website is undisputed by plaintiff, will the Court consider it for purposes of this motion.

As the party bearing the burden of establishing federal jurisdiction, Unisource's limited submission of evidence is surprising.  Presumably Unisource had information relating to the portion of its income generated in and percentage of employees and property located in California at its corporate fingertips but chose not to provide the Court with this information.  One can only speculate why it chose not to provide this information or why it chose to provide copies of its wegpage rather than a declaration from a corporate official or custodian of records.

Unisource's website indicates that it has more than 100 locations in 44 states and 21 locations in Canada.  It has 26 locations in California, 19 in Florida, 13 in Texas, 9 in Georgia, 6 in Illinois and 5 in Oregon.[1]  Unisource has 8,000 employees but Unisource provides no evidence as to the number of employees in each state.  Although more Unisource locations are located in California than in any other state, Florida has 19 locations, only 7% less than California.  Taking into account the larger population in California, this difference is small.  Additionally, the percentage of locations in Texas, Georgia Illinois, and Oregon falls closely behind Florida.  It seems Unisource's  "contact is spread relatively evenly among many states." *See Ho v. Ikon Office Solutions*, 143 F.Supp.2d at 1166. Although California has more locations, the margin of difference is not significant - especially for a corporation that conducts business in forty-four of the fifty states. Because California is the state with the largest population, business activity on a national scale can be expected to be greater in California. *See Ho*, 143 F.Supp.2d at 1167-68. "[I]t is highly unlikely that Congress intended every national corporation that does more business in California than in any other single state, by virtue of that fact alone, to be deemed a citizen of California for purposes of diversity jurisdiction." *Id*. As observed in *Ho*, where "the percentage of the corporation's activities in each of many states is so modest," the "distorting effect ⋯ of the forum state's size" must be taken into consideration. *Id*. at 1168.  Applying this logic to the

---

[1] Unisource locations in other states are less than 5.

present case, a comparison of Unisource's locations in each state does not establish a substantial predominance in California.

Another factor courts consider in determining "substantial predominance" is the location of the defendant's tangible property. Unisource has submitted no evidence regarding its tangible property.

A third factor considered by the *Tosco* court in determining "substantial predominance" was the location of the defendant's executive and administrative functions. *See Tosco*, 236 F.3d at 502. According to Unisource's evidence, its National Headquarters as well as its executive and corporate offices are located in Georgia.  Corporate functions such as legal, finance, accounting, marketing and corporate human resources are based in Georgia.  Unisource's annual leadership meetings take place in Georgia. Opp'n, Decl. of Jennifer Williams, ¶ 6. This factor therefore weighs against finding that California contains a substantial predominance of Unisource's business activities.

Despite Unisource's marginal submission of evidence, the information provided regarding Unisource's 100 locations in 44 states and the location of its corporate and executive functions is undisputed.  Based on this information, no state has a substantial predominance of Unisource's business activities. Accordingly, the "nerve center" test is appropriate for determining Unisource's principal place of business.  Unisource's executive and administrative functions occur in Georgia.  Thus, Unisource's principal place of business is Georgia, and complete diversity of citizenship exists between it and Plaintiff, a California citizen. Plaintiff's motion to remand removed action is therefore HEREBY DENIED.

IT IS SO ORDERED.

Dated:  April 28, 2006               /s/ Dennis L. Beck
3b142a                               UNITED STATES MAGISTRATE JUDGE